UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**MARGARET BALDWIN,**

          Plaintiff,        CASE NUMBER: 12-14907
                                      HONORABLE VICTORIA A. ROBERTS

v.

**CITIMORTGAGE INC. and FEDERAL**
**HOME LOAN MORTGAGE**
**CORPORATION,**

          Defendants.
_____/

**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS**

**I.     INTRODUCTION**

CitiMortgage Inc. ("Citi") foreclosed by advertisement on Margaret Baldwin's home after she defaulted on her mortgage. Baldwin challenges the validity of foreclosure and asks the Court to declare the sale void and stay her eviction.

Baldwin asserts eleven claims:

(I)      State law breach of contract (Count One);

(II)     Breach of unilateral contract (Count Two);

(III)    Fraud in the inducement (Count Three);

(IV)    Reformation of mortgage (Count Four);

(V)     Equitable mortgage (Count Five);

(VI)    Equitable estoppel (Count Six);

(VII)   Promissory estoppel (Count Seven);

1

(VIII)  Breach of covenant of good faith and fair dealing (Count Eight);

(VIIII) Specific performance (Count Nine);

(X)     Relief from sheriff sale and/or set aside foreclosure (Count Ten); and

(XI)    Declaratory and injunctive relief (Count Eleven).

Defendants' motion is **GRANTED** in its entirety.  All claims are barred by the doctrines of *Rooker-Feldman* and *res judicata*.

## II.   BACKGROUND

Margaret Baldwin obtained a loan from ABN AMRO Mortgage Group, Inc. ("ABN") to purchase a home.  In exchange for the loan, Baldwin signed a note and mortgage.  CitiMortgage, Inc. ("Citi") obtained Baldwin's mortgage by merger with ABN.

Baldwin defaulted on her mortgage loan; to cure the default, she applied for a loan modification with Citi.  Baldwin was approved for a loan modification trial plan period ("TPP") but denied a permanent loan modification even though she completed all payments timely and provided all requested documents.

Citi instituted foreclosure proceedings.  On March 4, 2011, Federal Home Loan Mortgage Corporation ("Freddie Mac") purchased the home at the sale.  Baldwin says that on September 16, 2011, she received notice from Citi that she was approved for a second TPP; but, Citi refused to accept her payments.

After Baldwin's redemption period expired, Freddie Mac initiated summary proceedings in state district court to evict her.  In opposing her eviction Baldwin argued Citi was not a holder and she was entitled to a loan modification.  Baldwin lost and the state district court ordered Baldwin to vacate the home.  On appeal, Baldwin conceded

that she was not entitled to a loan modification. The state circuit court found Citi was a holder and dismissed Baldwin's appeal. Days before Baldwin's scheduled date to vacate and for the same reasons she raised in the eviction proceedings, Baldwin filed an action in state court requesting that the eviction be stayed and sale set aside. Defendants removed to this court and filed this motion to dismiss. Defendants argue *res judicata* bars all of Baldwin's claims.

## III. STANDARD OF REVIEW

### A. Motion to Dismiss

Fed. R. Civ. P. 12(b)(6) dismissal is warranted "only if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims that would entitle him or her to relief." *Zaluski v. United Am. Healthcare Corp.*, 527 F.3d 564, 570 (6th Cir. 2008). The court treats all well-pleaded allegations in the complaint as true. *Id*. However, to survive a motion to dismiss, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff must include in the complaint enough facts which allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2010).

## IV. ANALYSIS

"Michigan law defines *res judicata* broadly to bar litigation in the second action not only of those claims actually litigated in the first action, but also claims arising out of the same transaction that the parties, exercising reasonable diligence, could have litigated but did not." *Peterson Novelties, Inc. v. City of Berkley*, 259 Mich. App. 1, 11;

672 N.W.2d 351 (2003) (citations omitted). A second action is barred by *res judicata* if: "(1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first." *Adair v. State*, 470 Mich. 105, 680 N.W.2d 386, 396 (Mich. 2004).

Baldwin does not deny that each count in her complaint is based on her claim to a loan modification. But, she says the state courts did not decide whether she was entitled to a loan modification. To the extent they did, Baldwin says the decision is not binding because the state courts did not have jurisdiction to grant the equitable relief she requests: setting aside the sale.

The Court disagrees with Baldwin; her right to a loan modification was properly adjudicated. The eviction proceedings show that in opposition to Freddie Mac's motion for possession, Baldwin argued that the foreclosure was invalid because she was entitled to a loan modification. Baldwin appealed the judgment of possession in favor of Freddie Mac, but conceded that she was not entitled to a loan modification saying, "Defendant/Appellant would dearly love to obtain relief for the numerous, and bogus, offers to modify this loan. After extensive research, there simply does not appear to be any relief for these unusually cruel offers to "help" distressed homeowners." Baldwin may not recover in a later proceeding on grounds that she conceded in an earlier one.

The state courts could have granted Baldwin the equitable relief she requests if she had prevailed. Under Michigan law, state district courts have exclusive jurisdiction to hear "summary proceedings to recover possession of premises." M.C.L. 600.5701. Michigan courts interpret this to include equitable claims. *Manufacturers Hanover Mortg. Corp. v. Snell*, 142 Mich. App. 548, 554; 370 N.W.2d 401 (1985)("The district

court has jurisdiction to hear and determine equitable claims and defenses involving the mortgagor's interest in the property.").

Alternatively, Baldwin says *res judicata* is not applicable because Citi was not a party to the eviction proceedings. Baldwin is incorrect.

Citi's interest was represented by Freddie Mac, its "privie." Citi need not be a party to a prior action if represented by its privie. *Adair*, 680 N.W.2d at 396 (An action is *res judicata* if "both actions involve the same parties or their privies."):

> To be in privity is to be so identified in interest with another party that the first litigant represents the same legal right that the later litigant is trying to assert. The outer limit of the doctrine traditionally requires both a "substantial identity of interests" and a "working functional relationship" in which the interests of the nonparty are presented and protected by the party in the litigation.

*Adair v. State*, 470 Mich. 105, 122; 680 N.W.2d 386 2004) (citations omitted) (quoting *Baraga County v. State Tax Comm'*, 466 Mich. 264, 269;645 N.W.2d 13 (2002)).

Freddie Mac presented the reasons why Citi did not modify Baldwin's loan in state court. There was no loan modification, Baldwin defaulted, Citi foreclosed and Freddie Mac purchased. Freddie Mac and Citi clearly had a working functional relationship and shared the same interest.

Even though Citi was not a party to any state court proceeding, its interests was adequately represented by Freddy Mac. See *Richards v. Jefferson County, Ala.*, 517 U.S. 793 (1996). Citi's and Freddie Mac's interest were intertwined in the soundness of the foreclosure.

Finally, the Court *sua sponte* finds the *Rooker-Feldman* doctrine applies here. Baldwin's primary request is that this Court reject the state courts' orders and grant her possession of the property. But, the *Rooker-Feldman* doctrine deprives federal courts of

subject matter jurisdiction when a plaintiff attempts to set aside an earlier state judgment. *See Givens v. Homecomings Financial*, 278 Fed. Appx. 607 (6th Cir. 2008).

Baldwin's complaint is dismissed; each count is based on Baldwin's right to a loan modification-- an issue that is barred by the doctrines of *Rooker-Feldman* and *res judicata*.

## IV. CONCLUSION

Defendants' motion is **GRANTED**. Plaintiff's claims are **DISMISSED**.

**IT IS ORDERED.**

                                                S/Victoria A. Roberts
                                                **Victoria A. Roberts**
                                                **United States District Judge**

**Dated: March 20, 2013**

> **The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on March 20, 2013.**
>
> **S/Carol A. Pinegar**
> **Deputy Clerk**